**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JORDAN HUEFFMEIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:24-cv-1421 |
| v. | ) | |
| | ) | |
| CANAM STEEL CORPORATION, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE THAT Defendants Canam Steel Corporation ("Canam"), Josh Summers ("Summers"), and Amy Smith ("Smith") (together, "Defendants"), by and through their undersigned counsel, and pursuant to 28 U.S.C. §§ 1332 and 1441, with full reservation of all defenses, hereby remove the action styled *Jordan Hueffmeier v. Canam Steel Corporation, et al.*, Case No. 24AB-CC00147, from the Circuit Court of Franklin County, State of Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.  In support of removal, Defendants state as follows:

## <u>INTRODUCTION</u>

1.	On May 22, 2024, Plaintiff Jordan Hueffmeier ("Plaintiff") filed a Petition for Damages (the "Complaint") in the Circuit Court of Franklin County, Missouri, Case No. 24AB-CC00147 (the "Franklin County Action").

2.	Pursuant to 28 U.S.C. § 1446(a) and Local Rule 2.03, all process, pleadings, orders and other documents now on file in the State court in this action are filed herewith collectively as <u>Exhibit 1</u> and are incorporated herein by reference.

3.	On October 4, 2024, a copy of the summons and Complaint were served on Canam.

4.    As of the date of filing this Notice of Removal, neither Smith nor Summers has yet been served. However, Smith and Summers have elected to waive service.

5.    Notice of removal of the Franklin County Action is filed within thirty (30) days of service on Defendants. Thus, this action has been timely removed pursuant to 28 U.S.C. § 1446(b).

**FRANKLIN COUNTY ACTION**

6.    Canam, a Delaware corporation authorized to do business in Missouri, operates a steel facility in Washington, Missouri. (Ex. 1 hereto, at Complaint, ¶¶ 3-4.).

7.    Plaintiff is a former employee of Canam who worked at its steel facility in Washington, Missouri. (*See id.*, at ¶¶ 4, 14.)

8.    Plaintiff alleges that during her employment with Canam, she was "***exposed to*** being filmed naked and/or partially undressed at work" by a camera hidden inside a locker in Canam's women's locker room. (*See id.*, at ¶¶ 24, 37, 43 (emphasis added).)

9.    Plaintiff alleges that the camera was owned by Summers and "the locker where the camera was placed was often used by [] Smith," and that "***whenever the locker was open***, the camera had the ability to record women showering, changing clothes, and walking in a state of undress." (*See id.*, at ¶¶ 20-22 (emphasis added).)

10.    Plaintiff alleges that after the camera was discovered, "the female employee that discovered it reported it to management [and] … informed numerous other female employees, including Plaintiff, of the existence of the camera." (*See id.*, at ¶ 26.)

11.    Plaintiff further alleges Canam never disciplined Smith and Summers for placing the camera in the locker room, that "management did not take any meaningful action to prevent it from happening again…," and that "management did not brief or otherwise explain to female employees that used the locker room, including Plaintiff, the full extent of what was captured on

2

the camera … le[aving] [them] to believe pictures of themselves undressed or partially undressed *were potentially being circulated* in the public realm" [and] … (*perhaps* even on the internet)." (*See id.*, at ¶¶ 28-31 (emphasis added).)

12.    Plaintiff further alleges that defendants Jane Doe and John Doe ("Doe Defendants") are currently unidentified employees of Canam "who participated in the placement of the hidden camera … and/or authorized such placement."  (*See id.*, at ¶ 8.).

13.    Plaintiff purports to bring the following six claims: (1) Count I for sex discrimination against Canam pursuant to the Missouri Human Rights Act ("MHRA"); (2) Count II for hostile work environment against Canam pursuant to the MHRA; (3) Count III for retaliation against Canam pursuant to the MHRA; (4) Count IV for intentional infliction of emotional distress against Summers and Smith; (5) Count V for invasion of privacy-intrusion on seclusion against Summers and Smith; and (6) Count VI for invasion of privacy-publication of embarrassing facts against Summers.  (*See id., passim*.)

14.    Plaintiff seeks to recover "damages in excess of $25,000, including both actual and punitive damages, for the costs incurred herein and expended, [and] for attorneys' fees." (*See id.,* at pp. 7-12.).

## REMOVAL IS PROPER

15.    A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]"  28 U.S.C. § 1441(a).

16.    A notice of removal need only provide "a short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).  The rule governing the content of a notice of removal, 28 U.S.C. § 1446, "tracks the general pleading requirement stated in [Fed. R. Civ. P.] 8(a)."  *Dart*

3

*Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  Accordingly, allegations supporting jurisdiction may be pleaded, and submission of proof is only necessary if the allegations in the notice of removal are contested.  *Id.* at 87-88; *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964-65 (8th Cir. 2016) (per curiam).

17.     As the party seeking removal, Canam has the burden to establish federal subject matter jurisdiction.  *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014).

18.     In order for this Court to have diversity jurisdiction under 28 U.S.C. § 1332(a)(1), the amount in controversy must exceed $75,000 and Plaintiff must be completely diverse from Defendants in such a way that Plaintiff is not a citizen of the same state as Defendant.  *Wilkerson v. Mo. Dep't of Mental Health*, 279 F.Supp.2d 1079, 1080 (E.D. Mo. 2003).

   **I.  This Court Has Subject-Matter Jurisdiction Over This Action Pursuant to 28 U.S.C. §§1332 and 1441 Because There is Complete Diversity of Citizenship Among Plaintiff and Canam; the Citizenship of Smith, Summers and Doe Defendants May Be Ignored Because They Have Been Fraudulently Joined; and the Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

### CANAM'S PRINCIPAL PLACE OF BUSINESS IS IN MARYLAND

19.     For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and the state where it has its principal place of business. *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1263 (8th Cir. 2023) (citing 28 U.S.C. § 1332(c)).

20.     Plaintiff alleges Canam is a Delaware corporation, but asserts, without any supporting facts, that Canam's principal place of business is in Missouri. (Ex. 1 hereto, at Complaint, ¶ 4.).

21.     This Court is not bound by Plaintiff's legal conclusion regarding Canam's principal place of business because Plaintiff does not allege any facts to support that legal conclusion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (courts are not bound to accept as true any legal conclusion couched as a factual allegation); *Schnulle v. Somatics, LLC*, 2022 WL 17583175, at *2

4

(E.D. Mo. Dec. 12, 2022) ("Simply put, Plaintiff's assertions of citizenship, without supporting facts, constitute legal conclusions.")

22.     "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

23.     All annual registration statements filed by Canam with the State of Missouri well before Plaintiff's commencement of the instant litigation identify Canam's principal place of business as 4010 Clay Street, Point of Rocks, Maryland, where Canam maintains its executive offices and officers.  (*See* Declaration of Ron Peppe, attached as Exhibit 2, at ¶¶ 7-8.)[1]

24.     Further, Canam's publicly accessible website clearly shows that Canam provides goods and services in all fifty states and maintains steel manufacturing plant operations in six (6) different states, to-wit: 22253 West Southern Avenue, Buckeye, Arizona; 140 South Ellis Road, Jacksonville, Florida; 9 Unytite Drive, Peru, Illinois; 4010 Clay Street, Point of Rocks, Maryland; 14 Harmich Road, South Plainfield, New York; and 2000 West Main Street, Washington, Missouri.  (*See id.*, ¶¶ 9-10.)

25.     On the day the Franklin County Action was commenced, Canam maintained its principal place of business at 4010 Clay Street in Point of Rocks, Maryland, where Canam maintained its corporate headquarters, its executive and administrative offices, and where its executives routinely worked to determine, operate and supervise the policies and activities of Canam, including each of its six steel manufacturing facilities.  (*See id.*, ¶ 5.)

26.     Thus, because Canam is incorporated in Delaware and maintains its principal place of

---

[1] "Defendants may [ ] present affidavits or declarations supporting the allegations in their Notice of Removal." *Macaulay v. St. Louis BOA Plaza, LLC*, 2021 WL 3472632, at *2 (E.D. Mo. Aug. 6, 2021).

business in Maryland, there is a complete diversity of citizenship between Plaintiff and Canam.

**FRAUDULENT JOINDER OF SUMMERS, SMITH AND DOE DEFENDANTS**

27.     "Under the doctrine of fraudulent joinder," the Court "may disregard the citizenship" of a defendant that is "frivolously joined in an effort to defeat removal." *Brooks v. KC Canon Creek Apartments, LLC*, 2024 WL 1308130, at * 1 (W.D. Mo. March 27, 2024) (internal quotations omitted); *see also Johnson v. Midwest Division – RBH LLC*, 88 F.4th 731, 736 (8th Cir. 2023) (same).

28.     "[J]oinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim" against the defendant in question. *Brooks*, 2024 WL 1308130, at *1 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)).

29.     Here, there is no reasonable basis in fact or law supporting the common law claims asserted against Smith and Summers whom Plaintiff has joined in an effort to avoid federal jurisdiction.

30.     In August 2017, the Missouri legislature enacted a comprehensive statutory remedial scheme consisting of the Missouri Human Rights Act ("MHRA"), the Workers' Compensation Law ("WCL"), and the Whistleblower's Protection Act ("WPA"), which together provide the exclusive remedy for claims of injury or damages arising out of an employment relationship. *See Cooksey v. Alliance Bank*, 2021 WL 2187911, at *3 (E.D. Mo. May 28, 2021); *Smith v. Dolgencorp, LLC*, 2023 WL 7491858, at *2 (W.D. Mo. Nov. 13, 2023).

31.     Under the exclusivity provision of the MHRA, "any and all claims for injury or damages arising out of an employment relationship" must be brought under the MHRA, the WCL, or the WPA. *See* Mo. Rev. Stat. 213.070.2 ("This chapter, in addition to chapter 285 and chapter 287, shall provide the exclusive remedy for any and all claims for injury or damages arising out of

6

an employment relationship.").

32.     A common law claim arises out of the employment relationship when the factual allegations underlying the common law claim are "the same factual allegations underlying the MHRA claims." *Johnson*, 88 F.4th at 736.  This is true even where the common law claim is brought against the plaintiff's co-workers.  *Id.* ("Johnson's third common law claim (against [her former co-worker] alone) also arises out of an employment relationship.  In this claim for unlawful infliction of emotional distress, Johnson alleges that [her former co-worker] inflicted 'discrimination and harassment' by 'criticism and harassment.'  Because these are the same factual allegations underlying the MHRA claims, the common law claim against [Johnson's co-worker] is preempted by the MHRA."); *see also Huskey v. Petsmart, Inc.*, 2019 WL 122873, at *2–3 (W.D. Mo. Jan. 7, 2019) (MHRA exclusive remedy preempted civil conspiracy claim against co-worker).

33.     Here, Plaintiff's Counts I-III for sex discrimination, hostile work environment and retaliation under the MHRA are based on allegations that Canam employees, Smith and Summers, with the assistance and/or authorization of unidentified employees of Canam (the Doe Defendants), installed a hidden camera inside a locker in Canam's women's locker room, which exposed Plaintiff to the risk of being filmed nude and/or partially nude at work, and that Canam never disciplined them for it. (Ex. 1 hereto, at Complaint, ¶¶ 6 -8, 22-31, 37, 43).

34.     Notably, the facts underlying Plaintiff's MHRA claims in Counts I-III are the very same gravamen of facts that underpin Plaintiff's tort claims in Counts IV-VI against Smith and/or Summers. (*See id.* at ¶¶ 59, 65-67, 72-74).

35.     Thus, Counts IV-VI are exempted by the MHRA's exclusive remedy provision, and there is no reasonable basis in fact or law supporting Plaintiff's individual common law tort claims against Smith, Summers and/or the Doe Defendants. *Johnson*, 88 F.4th at 736.

7

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

36.     For purposes of diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).  In assessing this requirement, "the question is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally conclude that they are." *Raskas v. Johnson & Johnson*, 719 F.3d 884, 887 (8th Cir. 2013) (emphasis original) (internal quotations omitted). This requirement is satisfied.

37.     Here, Plaintiff alleges that she suffered severe emotional distress, shame and humiliation, and she requests actual and punitive damages in excess of $25,000, plus attorney's fees, in each of the six counts arising from the alleged placement of a camera in a locker in Canam's women's locker room, which allegedly exposed her to being filmed naked or partially undressed at work and pictures of herself undressed or partially undressed potentially being circulated "in the public realm (perhaps even on the internet)." *See* Complaint, ¶¶ 6 -8, 22-31, 37, 43, 59, 65-67, 72-74. She further alleges that the alleged conduct of Defendants was intentional and outrageous because of an evil motive, constituted reckless indifference to her rights, and done with malice or conscious disregard for her rights. *See id*, ¶¶ 40, 50, 59, 60, 69, 77.

38.     Punitive damages and attorneys' fees "are included when determining the amount in controversy." *Harris v. Meridian Med. Technologies, Inc*., 2021 WL 1750154, at *2 (E.D. Mo. May 4, 2021).  "Additionally, the Court may aggregate all of [p]laintiff's claims against [d]efendant in order to satisfy the jurisdictional amount." *Id*.

39.     "The jurisdictional amount of $75,000 is established when the Court considers lost income, emotional distress, reputational damages, attorney's fees, and other damages yet undetermined." *Spight v. Caterpillar, Inc*., 2016 WL 3546411, at *2 (W.D. Mo. Jun. 24, 2016).

8

40.     Based on the nature of the allegations, claims asserted, and damages requested, it is reasonable for the Court to infer from Plaintiff's pleading allegations that the amount in controversy plausibly exceeds $75,000, exclusive of interest and costs.  *See, e.g., Harris*, 2021 WL 1750154 at *2;  *Spight*, 2016 WL 3546411 at *2; *Kessler v. Monarch Fire Prot. Dist.*, 2010 WL 4561862 (Mo. Cir. Ct. St. Louis Cnty. July 26, 2010) (jury award of $200,000 to each plaintiff on sex discrimination and hostile work environment claims); *Hurst v. Kansas City Missouri Sch. Dist.*, 2013 WL 3325230 (Mo. Cir. Ct. Jackson Cnty. Feb. 4, 2013) (jury's award of $447,083 included compensation for lost income, emotional distress, and punitive damages).

### PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

41.     Venue is proper in this Court because Plaintiff originally filed this action in the Circuit Court of Franklin County, Missouri and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the Franklin County Action] is pending[.]" *See* 28 U.S.C. § 1446(a); L.R. 2.07(A)(1).

42.     Defendants, after filing the instant Notice of Removal in this Court, will promptly give written notice thereof to Plaintiff and file a copy of the Notice of Removal with the clerk of the Circuit Court for Franklin County, Missouri.  *See* 28 U.S.C. § 1446(d).

43.     In filing this Notice of Removal, Defendants do not waive any defects in the process or service of process in this matter, nor do they waive any other defenses or objections to the Complaint or causes of action asserted therein.  Nothing in this Notice of Removal constitutes an admission of any allegation in the Complaint or a waiver of any defense, argument, or principle of equity available to any or all of the Defendants.

WHEREFORE, Defendants Canam Steel Corporation, Josh Summers, and Amy Smith respectfully remove this action from the Circuit Court of Franklin County, Missouri, to the United States District Court for the Eastern District of Missouri, Eastern Division.

DATED: October 23, 2024                     Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Joy D. McMillen
    Joy D. McMillen, #42822MO
    Lindsey M. Bruno, #73055MO
    600 Washington Avenue, Suite 2500
    St. Louis, Missouri 63101
    Telephone: (314) 444-7703
    Facsimile:  (314) 612-7703
    Email: jmcmillen@lewisrice.com
           lbruno@lewisrice.com

*Attorneys for Defendants Canam Steel Corporation, Josh Summers, and Amy Smith*

10